# In the United States Court of Federal Claims

No. 15-192C
Filed June 13, 2016
FOR PUBLICATION

| | |
|---|---|
| MARCUS RANDOLPH LIPPMANN, ) | |
| ) | |
| Plaintiff, ) | RCFC 12(b)(6); RCFC 12(d); RCFC 52.1; |
| ) | RCFC 56; the Military Pay Act, 37 U.S.C. |
| v. ) | § 204; 10 U.S.C. § 1169; 14 U.S.C. § 357. |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

*Raymond Jewell Toney*, Counsel of Record, Law Office of Raymond J. Toney, Logan, UT, for plaintiff.

*Delisa M. Sánchez*, Trial Attorney, *Martin F. Hockey, Jr.*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC; and LCDR Christopher L. Jones, *Deputy Office Chief*, Office of Claims and Litigation, United States Coast Guard, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I. INTRODUCTION

In this military pay action, plaintiff, Marcus Randolph Lippmann, challenges the United States Coast Guard's decision to involuntarily retire him from active duty service pursuant to the recommendation of a Career Retention Screening Panel ("CRSP"). The government has moved to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). In the alternative, the government has moved for judgment upon the administrative record, pursuant to RCFC 52.1. The Court treats the government's motion for judgment upon the administrative record as one for summary judgment pursuant to RCFC 56. Plaintiff has also moved to supplement the administrative record, pursuant to RCFC 52.1.

1

In addition, plaintiff has moved for summary judgment, pursuant to RCFC 56.  The government has also moved to strike certain documents filed in support of plaintiff's motion for summary judgment and for leave to file a sur-reply to plaintiff's reply in support of his motion for summary judgment, pursuant to RCFC 7(b).

For the reasons set forth below, the Court **DENIES** the government's motion to dismiss; **GRANTS** the government's motion for summary judgment on the issue of whether plaintiff's involuntary retirement was lawful under 10 U.S.C. § 1169 and **DENIES** plaintiff's cross-motion for summary judgment on that issue; **GRANTS** the government's motion to file a sur-reply to plaintiff's reply in support of his motion for summary judgment; **DENIES** the government's motions to strike; **DENIES** plaintiff's motion to supplement the administrative record as moot; and **HOLDS** in **ABEYANCE** the parties' cross-motions for summary judgment on the question of whether plaintiff is entitled to a hearing before an Enlisted Personnel Board pursuant to 14 U.S.C. § 357.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Background[1]

In this military pay action, plaintiff, Marcus Randolph Lippmann, challenges the lawfulness of the United States Coast Guard's ("Coast Guard") decision to involuntarily retire him from active duty service pursuant to the recommendation of the Coast Guard's 2013 Career Retention Screening Panel ("CRSP").  Specifically, plaintiff alleges that the Coast Guard's retirement decision was unlawful because:  (1) the Secretary of the Department of Homeland Security ("Secretary") did not order a reduction in force for Coast Guard personnel during the relevant time period, and (2) plaintiff is entitled to the rights and procedures of an Enlisted Personnel Board ("EPB") in the absence of a reduction in force order.[2]  Compl. at ¶¶ 56-68.

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl."), the government's motion to dismiss or, in the alternative, motion for judgment upon the administrative record ("Def. Mot.") and accompanying appendix ("Def. App."), the documents styled as the "administrative record" filed by the government ("Def. 2nd App."), and plaintiff's statement of material facts not in genuine dispute ("Pl. Statement").  Except where otherwise noted, the facts recited herein are undisputed.

[2] Since commencing this action, plaintiff has withdrawn his claim that he should not have been involuntarily retired because he did not meet the criteria for involuntary retirement.  Pl. Memo. at 18.

Plaintiff has a distinguished record of military service.  Plaintiff enlisted in the Coast Guard on September 11, 1989, and he achieved the rank of Master Chief Petty Officer, Grade E-9.  *Id*. at ¶¶ 8-9.  During his military career, plaintiff received numerous awards and commendations.  *Id*. at ¶ 12, Ex. 1.  The Coast Guard involuntarily retired plaintiff from active duty service effective September 1, 2014.  *Id*. at ¶ 33.

### 1.   Career Retention Screening Panels

As background, Career Retention Screening Panels are a workforce shaping tool established by the Coast Guard to address workforce flow and to provide greater opportunity for advancement of high performing junior enlisted personnel.  Compl. at Ex. 4; *see also* Def. 2nd App. at 1; Pl. Statement at ¶ 7.  In 2010, then-Commandant of the Coast Guard, Admiral R. J. Papp, Jr., formally requested authorization to conduct a CRSP from former Secretary of Homeland Security Janet Napolitano.  Def. 2nd App. at 1-2.  The memorandum authorizing the 2010 CRSP states that the CRSP "is required to address high retention and its adverse impact on workforce flow."  *Id*. at 1.  The memorandum also states that, "[t]he legal authority to conduct such a panel derives from Title 14, [United States] Code Section 357(j) and from Title 10, [United States] Code Section 1169 . . . . Per Title 14 [United States] Code, Section 357(j), the Secretary of Homeland Security must provide authorization for involuntary retirements without a Board's action."  *Id*.

The Secretary signed the authorization memorandum for the 2010 CRSP on September 21, 2010, and the 2010 CRSP convened on September 27, 2010.  *Id*. at 2, 11.  The Coast Guard has subsequently convened CRSPs in 2011, 2012, 2013, and 2014.  Def. App. at 74-75.  The Coast Guard has involuntarily retired 832 enlisted servicemembers through these CRSPs since 2010.  *Id*.; Pl. Statement at ¶ 19.

### 2.   Plaintiff's Involuntary Retirement And Appeal

Specifically relevant to this dispute, in a memorandum dated December 5, 2012, Admiral Papp requested authorization from the Secretary to "hold an Active Duty Enlisted Career Retention Screening Panel (CRSP) in 2013."  Def. 2nd App. at 13; Pl. Statement at ¶ 1.  Admiral Papp stated in the memorandum that the CRSP, if authorized, would be convened pursuant to authority codified in title 10, United States Code, section 1169 and title 14 United States Code, section 357(j).  Def. 2nd App. at 13.  He further stated that, "[y]our endorsement of this memo

3

will provide the Coast Guard with the legal authority required to conduct the CRSP during 2013." *Id*. at 13-14.

Secretary Napolitano approved this request on December 19, 2012, and the Coast Guard convened the 2013 CRSP on May 8, 2013. *Id*. at 14; Compl. at Ex. 6. The 2013 CRSP reviewed 399 candidate records and selected 194 servicemembers for involuntary separation from the Coast Guard, including plaintiff. Def. 2nd App. at 146.

The 2013 CRSP selected plaintiff for involuntary retirement on August 21, 2013. Compl. at ¶ 29; Def. 2nd App. at 140. On August 30, 2013, plaintiff appealed the 2013 CRSP's decision. Compl. at Ex. 7; *see also* Def. 2nd App. at 148-50. In that appeal, plaintiff argued that the CRSP should reconsider its decision, because the members of the 2013 CRSP may not have considered certain documents that should have been part of plaintiff's service record. Compl. at Ex. 7; *see also* Def. 2nd App. at 148-50. The appeal panel denied plaintiff's appeal on September 23, 2013. Def. 2nd App. at 154. On November 18, 2013, plaintiff resubmitted his appeal. Compl. at ¶ 31, Ex. 8. On November 19, 2013, the Coast Guard informed plaintiff that his resubmission would not be considered by the appeal panel. *Id*. at ¶ 32, Ex. 8.

On November 27, 2013, plaintiff acknowledged his retirement date of September 1, 2014. *Id*. at ¶ 33, Ex. 9. And so, plaintiff retired from active duty with the Coast Guard effective September 1, 2014. *Id*. at ¶ 33.

### B. Procedural Background

Plaintiff filed the complaint in this matter on March 2, 2015. *See generally* Compl. On June 30, 2015, the government moved to dismiss the complaint for failure to state a claim upon which relief may be granted, pursuant to RCFC 12(b)(6) or, in the alternative, for judgment upon the administrative record, pursuant to RCFC 52.1. *See generally* Def. Mot. On the same date, the government filed an appendix to its motion to dismiss and a collection of documents entitled "administrative record." *See generally* Def. App.; Def. 2nd App.

On August 28, 2015, plaintiff filed a motion for summary judgment and his opposition to the government's motion to dismiss. *See generally* Pl. Mot. Plaintiff also filed four attachments to his motion, including his declaration and a statement of material facts not in dispute. *See* Pl. Memo.; Pl. App.; Decl. of Marcus Randolph Lippmann; Pl. Statement. On November 4, 2015,

the government filed a reply in support of its motion to dismiss or, in the alternative, for judgment upon the administrative record, and a response to plaintiff's motion for summary judgment. *See generally* Def. Rep. On the same date, the government also filed a motion to strike plaintiff's declaration and certain other documents that plaintiff included in the appendix to his motion for summary judgment. *See generally* Mot. to Strike.

On January 5, 2016, plaintiff filed a response to the government's motion to strike and a reply in support of his motion for summary judgment, as well as an appendix containing additional documents. *See generally* Pl. Rep.; Pl. 2nd App. Thereafter, on January 15, 2016, the government filed a reply in support of its motion to strike. *See generally* Def. Rep. to Mot. to Strike. On February 17, 2016, the government filed a second motion to strike certain documents contained in the appendix to plaintiff's January 5, 2016 reply in support of his motion for summary judgment and, in the alternative, a motion for leave to file a sur-reply to plaintiff's reply in support of his motion for summary judgment. *See generally* 2nd Mot. to Strike; Sur-Reply.

On March 4, 2016, plaintiff filed a response to the government's second motion to strike or, in the alternative, for leave to file a sur-reply. *See generally* Pl. Resp. to. 2nd Mot. to Strike. On March 17, 2016, the government filed a reply in support of its second motion to strike. *See generally* Def. Rep. to 2nd Mot. to Strike. Lastly, on February 22, 2016, the government filed a notice to inform the Court that the United States Congress had enacted an amendment to 14 U.S.C. § 357 on February 8, 2016. Def. Notice, Feb. 22, 2016. These matters having been fully briefed, the Court decides the pending motions.

## III.   LEGAL STANDARDS

### A.  Jurisdiction

The Court's jurisdiction is defined by the Tucker Act, 28 U.S.C. § 1491, which grants jurisdiction over claims:

> against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).  Because the Tucker Act "does not confer any substantive rights upon a plaintiff," a plaintiff also "must establish an independent substantive right to money damages from the United States–that is, a money-mandating source within a contract, regulation, statute or Constitutional provision–in order for the case to proceed."  *Volk v. United States*, 111 Fed. Cl. 313, 323 (2013) (citing *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1306 (Fed. Cir. 2008)).  In this regard, the Military Pay Act is a money-mandating statute, and the Court possesses jurisdiction to consider claims brought pursuant to that act.  37 U.S.C. § 204; *Miller v. United States*, 119 Fed. Cl. 717, 729-30 (2015) ("Claims for back pay based on the Military Pay Act are generally considered to be within the jurisdiction of this court.") (citing *Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006)).

## B.  RCFC 12(b)(6) And Justiciability

When deciding a motion to dismiss based upon failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6), this Court must assume that all undisputed facts alleged in the complaint are true and draw all reasonable inferences in the non-movant's favor.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); RCFC 12(b)(6).  And so, to survive a motion to dismiss pursuant to RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint.  *Iqbal*, 556 U.S. at 678 (citation omitted).  On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity" and determine whether it is plausible, based upon these facts, to find against defendant.  *Id*. at 679.

A claim must also be justiciable to survive a motion to dismiss pursuant to RCFC 12(b)(6).  *See Houghtling v. United States*, 114 Fed. Cl. 149, 156–57 (2013).  In this regard, the United States Supreme Court has held that justiciability depends upon "whether the duty asserted can be judicially identified and its breach judicially determined, and whether protection for the right asserted can be judicially molded."  *Baker v. Carr*, 369 U.S. 186, 198 (1962); *see also Murphy v. United States*, 993 F.2d 871, 872 (Fed. Cir. 1993).  And so, a controversy is justiciable only if "it is 'one which the courts can finally and effectively decide, under tests and standards which they can soundly administer within their special field of competence.'"  *Voge v.*

*United States*, 844 F.2d 776, 780 (Fed. Cir. 1988) (quoting *Greene v. McElroy*, 254 F.2d 944, 953 (D.C. Cir. 1958), *rev'd on other grounds,* 360 U.S. 474 (1959)); *see also Antonellis v. United States*, 723 F.3d 1328, 1334 (Fed. Cir. 2013); *Adkins v. United States*, 68 F.3d 1317, 1322 (Fed. Cir. 1995).

The question of justiciability is frequently at issue when courts review military activities, and courts have often held that decisions made by the military are "beyond the institutional competence of courts to review." *Lindsay v. United States,* 295 F.3d 1252, 1257 (Fed. Cir. 2002) ("Because 'decisions as to the composition, training, equipping, and control of a military force are essentially professional military judgments,' the substance of such decisions, like many other judgments committed to the discretion of government officials, is frequently beyond the institutional competence of courts to review.") (quoting *Gilligan v. Morgan*, 413 U.S. 1, 10 (1973)); *Orloff v. Willloughby*, 345 U.S. 83, 93-94 (1953) ("[J]udges are not given the task of running the Army."); *see also Murphy*, 993 F.2d at 872; *Voge*, 844 F.2d at 780. The United States Court of Appeals for the Federal Circuit has also recognized that military decisions are justiciable only to the extent that the military's discretion is limited and Congress has provided "tests and standards" for the Court to apply. *Murphy,* 993 F.2d at 873 ("Unless such a test or standard is provided, courts must abstain.").

Nonetheless, even when the merits of a military personnel decision are nonjusticiable, the process by which the decision has been made may be subject to judicial review. *Adkins*, 68 F.3d at 1323; *Murphy,* 993 F.2d at 873. And so, if the military chooses to introduce its own procedural limits, the Court may review any violations of such limits even if the underlying decision is nonjusticiable. *Murphy,* 993 F.2d at 873. In such circumstances, the Court "merely determines whether the procedures were followed by applying the facts to the statutory or regulatory standard." *Id.*

## C. RCFC 56

A grant of summary judgment is appropriate when the pleadings, affidavits and evidentiary materials filed in a case reveal that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." RCFC 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Biery v. United States*, 753 F.3d 1279, 1286 (Fed. Cir. 2014). A dispute is "genuine" when "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. A fact is "material" if it could "affect the outcome of the suit under the governing law . . . ." *Id.* In resolving motions for summary judgment, the Court will not make credibility determinations and will draw all inferences "'in the light most favorable to the party opposing the motion.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). The Court must "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *Agosto v. INS*, 436 U.S. 748, 756 (1978). And so, the Court may only grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita*, 475 U.S. at 587.

The above standard also applies when the Court considers cross-motions for summary judgment. *Principal Life Ins. Co. & Subsidiaries v. United States*, 116 Fed. Cl. 82, 89 (2014); *see also Estate of Hevia v. Portrio Corp.*, 602 F.3d 34, 40 (1st Cir. 2010). And so, when both parties move for summary judgment, "'the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.'" *Abbey v. United States*, 99 Fed. Cl. 430, 436 (2011) (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987)).

### D.  RCFC 52.1 And Supplementing The Administrative Record

Unlike a summary judgment motion under RCFC 56, the existence of genuine issues of material fact do not preclude a grant of judgment upon the administrative record under RCFC 52.1. *Tech. Sys., Inc. v. United States*, 98 Fed. Cl. 228, 242 (2011). Rather, the Court's inquiry is whether, "given all the disputed and undisputed facts, a party has met its burden of proof based on the evidence in the record." *A&D Fire Prot., Inc. v. United States*, 72 Fed. Cl. 126, 131 (2006); *see also Bannum v. United States*, 404 F.3d 1346, 1356 (Fed. Cir. 2005).

In reviewing challenges to military corrections board decisions under RCFC 52.1, the Court is "'limited to determining whether a decision of the [c]orrection [b]oard is arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations.'" *Melendez Camilo v. United States*, 642 F.3d 1040, 1044 (Fed. Cir. 2011) (quoting *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed. Cir. 1983)); *see also Volk*, 111 Fed. Cl. at 325 (citing *Arens v. United States*, 969 F.2d 1034, 1037 (Fed. Cir. 1992)). "Thus, correction board decisions 'may be reviewed for failure to correct plain legal error committed by the military,'

including 'the military's violation of statute, or regulation, or published mandatory procedure, or unauthorized act.'" *Volk*, 111 Fed. Cl. at 325 (quoting *Dodson v. United States*, 988 F.2d 1199, 1204 (Fed. Cir. 1993)).

In addition, the United States Court of Appeals for the Federal Circuit has held that the "parties' ability to supplement the administrative record is limited" and that the administrative record should only be supplemented "if the existing record is insufficient to permit meaningful review consistent with the APA." *Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1379-81 (Fed. Cir. 2009); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Caddell Constr. Co., Inc. v. United States*, 111 Fed. Cl. 49, 93 (2013). In *Axiom*, the United States Court of Appeals for the Federal Circuit observed that "'the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.'" 564 F.3d at 1379 (quoting *Camp*, 411 U.S. at 142). This focus is maintained in order to prevent courts from using new evidence to "convert the arbitrary and capricious standard into effectively de novo review." *L-3 Commc'ns EOTech, Inc. v. United States*, 87 Fed. Cl. 656, 671 (2009) (citations omitted). This Court has interpreted the Federal Circuit's directive in *Axiom* to mean that supplementation of the administrative record is permitted to correct mistakes and fill gaps, but is not permitted when the documents proffered are unnecessary for an effective review of the government's procurement decision. *Id.* at 672. And so, the Court has precluded supplementation of the administrative record with declarations that contain "post-hoc contentions of fact and argument." *Id.*

### E.   10 U.S.C. § 1169

Title 10, United States Code, section 1169 places limitations upon the military's authority to discharge an enlisted member of an armed force from active duty. 10 U.S.C. § 1169. Specifically, section 1169 provides that:

> No regular enlisted member of an armed force may be discharged
> before his term of service expires, except—
>> (1) as prescribed by the Secretary concerned;
>> (2) by sentence of a general or special court martial; or
>> (3) as otherwise provided by law.

*Id.* This Court has long recognized that section 1169 gives the Secretary of each branch of the armed forces "the authority to discharge enlisted members prior to the expiration of their term of

service." *Brigante v. United States*, 35 Fed. Cl. 526, 530 (1996); *see also Canonica v. United States*, 41 Fed. Cl. 516, 524 (1998) ("Courts have held that an enlisted member of the armed forces does not have a property interest in his employment because he may be discharged 'as prescribed by the Secretary' of his service."); *Vierrether v. United States*, 27 Fed. Cl. 357, 361-62 (1992) ("So long as no statutes or regulations are violated, enlisted personnel in military service do not have a right to remain in the service until the expiration of their terms of enlistment.").

In addition, courts have construed the term "discharge" broadly, to include involuntary retirement from active duty service, as well as other types of involuntary separations from the military that fall short of a complete severance from military service. *See Gay Veterans Ass'n, Inc. v. Sec'y of Def.*, 668 F. Supp. 11, 14 (D.D.C. 1987) ("The generous language of 10 U.S.C. § 1169(1), vesting the several military Secretaries with wide authority, is notable. Indeed, the relevant legislative history confirms succinctly the obvious notion that '10 U.S.C. 1169 would provide *ample* authority for the issuance of regulations governing *all* types of discharges.'") (quoting S. Rep. No. 90-931, at 10 (1967) (emphasis existing)); *cf. Brigante*, 35 Fed. Cl. at 530 (holding plaintiff's argument that the relevant Board "acted improperly when it approved [plaintiff's] *involuntary separation* based on the Navy's general power to *discharge*" under a separate statute was not persuasive) (emphasis supplied); *see Vierrether*, 27 Fed. Cl. at 361.

**F.  14 U.S.C. § 357**

Lastly, at the time plaintiff filed the complaint in this matter, title 14, United States Code, section 357 provided, in pertinent part, that:

> **(a)** Enlisted Personnel Boards shall be convened as the Commandant may prescribe to review the records of enlisted members who have twenty or more years of active military service.
>
> **(b)** Enlisted members who have twenty or more years of active military service may be considered by the Commandant for involuntary retirement and may be retired on recommendation of a Board—
>
>> **(1)** because the member's performance is below the standards the Commandant prescribes; or
>>
>> **(2)**  because of professional dereliction.
>
> **(c)** An enlisted member under review by the Board shall be . . . .

(5) allowed to appear before the Board and present witnesses or other documentation related to the review . . . .

(j) When the Secretary orders a reduction in force, enlisted personnel may be involuntarily separated from the service without the Board's action.

14 U.S.C. § 357 (2012) (amended in 2016).[3]  And so, section 357 allows a Secretary for a branch of the armed forces to separate a servicemember from active duty service without a hearing before an Enlisted Personnel Board, if the Secretary orders a reduction in force.  *Id.*

## IV.   LEGAL ANALYSIS

### A.  The Court Possesses Jurisdiction To Consider Plaintiff's Military Pay Claims

As an initial matter, the Court possesses jurisdiction to consider plaintiff's military pay claims.  It is "well established that claims for back pay stemming from allegedly unlawful separation from active duty in the armed services are within the jurisdiction of the Court of Federal Claims under 28 U.S.C. 1491(a)."  *Spehr v. United States*, 51 Fed. Cl. 69, 81 (2001), *aff'd*, 49 F. App'x 303 (Fed. Cir. 2002).  In addition, the Federal Circuit has held that:

> In the context of military discharge cases, the applicable "money-mandating" statute that is generally invoked is the Military Pay Act, 37 U.S.C. § 204.  In order to bring a military discharge case in the Court of Federal Claims, a plaintiff therefore must allege that, because of unlawful discharge, the plaintiff is entitled to money in the form of the pay that the plaintiff would have received but for the unlawful discharge.

*Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003).  And so, the Court may entertain plaintiff's challenge to the Coast Guard's decision to involuntarily retire him from active duty service under the Military Pay Act.  *Id.*; Compl. at ¶ 76.

### B.  The Court Must Deny Defendant's Motion to Dismiss

While it is evident that the Court possesses jurisdiction to consider plaintiff's military pay claims, plaintiff must also state a plausible claim for relief to pursue this litigation.  In this matter, the government has moved to dismiss plaintiff's claims for failure to state a claim upon which relief may be granted for two reasons.  Def. Mot. at 12-28.  First, the government argues

---

[3] On February 8, 2016, the Congress amended 14 U.S.C. § 357 to strike subsections (a) through (h) and subsection (j), thereby maintaining only the prior subsection (i), relating to an increase in the retirement pay for certain servicemembers.  *See* Pub. L. No. 114-120.

that plaintiff's challenge to the lawfulness of the 2013 CRSP–which resulted in his involuntary retirement–should be dismissed, because the claim involves a military decision that is nonjusticiable. *Id*. at 13-23.  Second, the government seeks dismissal of plaintiff's claim that he is entitled to a hearing before an Enlisted Personnel Board, because the complaint fails to identify a protected liberty or property interest that plaintiff has in an Enlisted Personnel Board hearing. *Id*. at 23-28.  For the reasons set forth below, the Court disagrees with the government's arguments for dismissal of this matter and denies the government's motion to dismiss.

### 1.   The Court Need Not Convert The Government's Motion To Dismiss

As a threshold procedural matter, the Court need not convert the government's motion to dismiss into one for summary judgment, because the Court may consider the undisputed documents relied upon by the government to support the motion.

This Court has long recognized that, "when matters outside the pleadings are presented and not excluded by the Court," a motion to dismiss under RCFC 12(b)(6) is to be converted to a motion for summary judgment and "the parties shall be given a reasonable opportunity to present materials pertinent to the motion." *Akins v. United States,* 82 Fed. Cl. 619, 622 (2008); RCFC 12(d); *see also Lewis v. United States*, 114 Fed. Cl. 682, 685 (2014) (converting a motion to dismiss or, in the alternative, a motion for judgment upon the administrative record to a motion for summary judgment due to the absence of an administrative record); *see also Williams v. United States*, 100 Fed. Cl. 263, 265 (2011).  "Where, however, the Court relies only on undisputed documents attached as exhibits to the complaint, the Court may proceed without converting the motion to dismiss to one for summary judgment." *Akins*, 82 Fed. Cl. at 622 (citing *Am. Contractors Indem. Co. v. United States*, 81 Fed. Cl. 682, 688 (2008)); RCFC 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); *Frazier v. United States,* 67 Fed. Cl. 56, 59 (2005) ("[T]he Court may consider any written instrument that is attached to the complaint as an exhibit without converting the motion to dismiss under RCFC 12(b)(6) into a motion for summary judgment."), *aff'd,* 186 F. App'x 990 (Fed. Cir. 2006).

In addition, the United States Court of Appeals for the Federal Circuit has held, within the context of deciding a 12(b)(6) motion, that the Court's primary focus is the complaint, but the Court is "'not limited to the four corners of the complaint.'" *Dimare Fresh, Inc. v. United States*,

808 F.3d 1301, 1306 (Fed. Cir. 2015), *petition for cert. filed*, 84 U.S.L.W. 3429 (U.S. Jan. 19, 2016) (No. 15-944) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)); *see also Sebastian v. United States*, 185 F.3d 1368, 1374 (Fed. Cir. 1999). Federal Rule of Evidence 201 also permits the Court to take judicial notice of adjudicative facts that are "not subject to reasonable dispute," because the facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. And so, in deciding the government's motion to dismiss here, the Court may consider "'matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record.'" *Dimare Fresh, Inc.*, 808 F.3d at 1306 (quoting Wright & Miller, *supra*, § 1357 (brackets existing)).

A review of the documents relied upon by the government to support its motion to dismiss shows that these documents pertain to undisputed factual matters of public record that the Court may appropriately consider without converting the government's motion to one for summary judgment. In this regard, three of the documents relied upon by the government are also exhibits to plaintiff's complaint: a memorandum from Admiral Bob Papp to the Secretary, dated December 5, 2015, and entitled "Coast Guard Active Duty Enlisted Career Retention Screening Panel Authorization Request for 2013;" a Commandant Note, dated December 2012, and entitled "ALCOAST 531/12;" and a Coast Guard memorandum, dated May 8, 2013, and entitled "Precept Convening the Panel for Screening of Active Duty Enlisted Personnel for the 2013 Retention Screening Panel (CRSP)." Def. Rep. at 4; *see* Def. 2nd App. at 13-15, 20-23; Compl. at Exs. 4, 5, 6. It is well established that the Court may consider these three documents within the context of the government's motion to dismiss. RCFC 10(c); *Frazier,* 67 Fed. Cl. at 59.

The Court may also consider the remaining documents relied upon by the government. The government relies upon several documents contained in the appendix to its motion to dismiss, namely, the Coast Guard's Financial Resource Management Manual; Coast Guard Commandant Admiral Bob Papp's 2013 State of the Coast Guard Address; the federal budget for fiscal years 2011, 2012, 2013 and 2014; a Coast Guard Human Resources article; an interview of Admiral Papp by the Federal News Radio, dated June 30, 2010; an interview of Admiral Papp by the Navy Times, dated June 12, 2013; and two legal opinions of the Department of Homeland Security's Board for Correction of Military Records ("BCMR"). *See* Def. App. at 1-7, 13, 26-

69, 74-75, 78, 80, 84-108.  The government also relies upon two additional documents contained in a separate filing that the government has styled as the "administrative record" for this matter, namely: a Coast Guard Active Duty Military Workforce Management Situation Report, dated April 2010, and entitled "ALCOAST 165/100;" and a Coast Guard Active Duty Military Workforce Management Situation Report, dated June 2010, and entitled "ALCOAST 333/10." *See* Def. 2nd App. at 3-4.  All of the above-mentioned documents pertain to matters of public record and many of these documents are either government publications or news articles that have been widely disseminated to the public.  *Dimare Fresh, Inc.*, 808 F.3d at 1306; *see also* Fed. R. Evid. 201.  More importantly, plaintiff does not dispute any of the facts contained in these documents.  *See generally* Pl. Rep.

In addition, the BCMR legal opinions relied upon by the government contain adjudicative facts that are "not subject to reasonable dispute" and the accuracy of these legal opinions cannot reasonably be questioned.  Fed. R. Evid. 201.  Plaintiff also does not dispute the accuracy of the facts contained in these legal opinions.  *See generally* Pl. Mot.; Pl. Rep.  And so, the Court may take judicial notice of the BCMR legal opinions, and may consider the other documents relied upon by the government as matters of public record, in resolving the government's motion to dismiss.  *Dimare Fresh, Inc.*, 808 F.3d at 1306; Fed. R. Evid. 201.

### 2.   Plaintiff States A Plausible Claim For Relief

While the Court need not convert the government's motion to dismiss, the Court must, nonetheless, deny the government's motion because plaintiff states plausible claims for relief. *Twombly*, 550 U.S. at 570 (to survive a motion to dismiss pursuant to RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face."); *Houghtling,* 114 Fed. Cl. at 156–57 (holding that plaintiff's claims must be justiciable in order to survive a motion to dismiss for failure to state a claim upon which relief may be granted).

### a.   Plaintiff States A Justiciable Claim

First, plaintiff's claim challenging the procedures followed by the Coast Guard in reaching the decision to involuntarily retire plaintiff is justiciable.  In its motion to dismiss, the government argues that the Court should dismiss plaintiff's challenge to the Coast Guard's involuntary retirement decision, because the merits of military staffing decisions are not subject to judicial review.  Def. Mot. at 12-23; *Murphy*, 993 F.3d at 873-74 (stating that the merits of a

military decision to release a servicemember from active duty are beyond judicial reach). The government's argument is, however, misguided because the government mischaracterizes the nature of plaintiff's claim in this litigation.

It is well established that the Court may review plaintiff's challenge to the process that the Coast Guard followed in reaching the decision to involuntarily retire him from active duty service. *Adkins*, 68 F.3d at 1323. In this regard, a plain reading of the complaint shows that, plaintiff is challenging the lawfulness of the process that led to his involuntary retirement. Compl. at ¶¶ 56-68. Specifically, plaintiff alleges in the complaint that the Coast Guard failed to comply with 14 U.S.C. § 357–and, in particular, failed to provide a hearing before the Enlisted Personnel Board–in reaching its decision to involuntarily retire him from active duty service. *Id*. at ¶¶ 56-68.

Here, the allegations in the complaint make clear that plaintiff is disputing the process followed by the Coast Guard in reaching the decision to involuntarily retire plaintiff, rather than bringing a challenge to the Coast Guard's underlying decision. *Id*; *see also* Pl. Memo. at 18-22. As the Federal Circuit recognized in *Murphy*, this Court "may appropriately decide whether the military followed procedures because by their nature the procedures limit the military's discretion." *Murphy*, 993 F.2d at 873; 10 U.S.C. § 1169; 14 U.S.C. § 357. And so, plaintiff's challenge to the procedures followed by the Coast Guard in reaching the decision to involuntarily retire plaintiff is justiciable. Given this, the Court must deny the government's motion to dismiss this claim.

### b.   Plaintiff States A Plausible Claim Of Entitlement To An Enlisted Personnel Board Hearing

The government's request that the Court dismiss plaintiff's claim that he is entitled to a hearing before an Enlisted Personnel Board is equally without merit. In its motion to dismiss, the government argues that the Court should dismiss this claim because plaintiff identifies no constitutional, statutory, or regulatory right to such a hearing in the complaint. Def. Mot. at 23. But, the government's argument is belied by a plain reading of the complaint.

In the complaint, plaintiff specifically refers to title 14, United States Code, section 357. Compl. at ¶¶ 63-68. When plaintiff commenced this litigation, section 357 provided that enlisted servicemembers with over twenty years of active military service are entitled to a hearing before

15

an Enlisted Personnel Board before being involuntarily retired, unless "the Secretary orders a reduction in force."[4]  Plaintiff alleges in the complaint that he is entitled to such a hearing before an Enlisted Personnel Board under this statutory provision.  Compl. at ¶ 65.  And so, when read in the light most favorable to plaintiff, the complaint clearly states a plausible claim for relief under section 357.  *Id.*; RCFC 12(b)(6).

### C.  The Government Is Entitled To Judgment In Its Favor As A Matter of Law With Respect To Plaintiff's Section 1169 Claim

Having determined that dismissal of plaintiff's complaint is not warranted, the Court turns to plaintiff's motion for summary judgment and defendant's motion for judgment upon the administrative record.  Pl. Mot.; Def. Mot.

In this regard, the parties have filed competing dispositive motions on the question of whether the Coast Guard complied with the Constitution and applicable federal statutes and regulations in deciding to involuntarily retire plaintiff.  *Id.*  Specifically, plaintiff moves for summary judgment upon the ground that the undisputed material facts in this matter show that the Secretary did not have the authority to involuntarily retire him under 10 U.S.C § 1169.  Pl. Memo. at 22-24; Pl. Rep. at 11-12.  Plaintiff also contends that the undisputed material facts demonstrate that he is entitled to a hearing before an Enlisted Personnel Board under 14 U.S.C. § 357.  Pl. Memo. at 24-45; Pl. Rep. at 11-27.  The government also seeks judgment upon the

---

[4] At the time plaintiff filed the complaint in this matter, title 14, U.S. Code, section 357 provided, in pertinent part, that:

> **(b)** Enlisted members who have twenty or more years of active military service may be considered by the Commandant for involuntary retirement and may be retired on recommendation of a Board—
>
> > **(1)** because the member's performance is below the standards the Commandant prescribes; or
> >
> > **(2)**  because of professional dereliction.
>
> **(c)** An enlisted member under review by the Board shall be . . . .
>
> > **(5)** allowed to appear before the Board and present witnesses or other documentation related to the review. . . . .
>
> **(j)** When the Secretary orders a reduction in force, enlisted personnel may be involuntarily separated from the service without the Board's action.

14 U.S.C. § 357.

administrative record upon the ground that section 1169 provides the legal authority for the Secretary to involuntarily retire plaintiff and that plaintiff has no right to a hearing before an Enlisted Personnel Board under section 357.  Def. Mot. at 29-31.  The Court treats the government's motion as one for summary judgment pursuant to RCFC 56.  And so, the Court has before it the parties' cross-motions for summary judgment on these issues.

For the reasons discussed below, the Court grants the government's motion for summary judgment on the issue of whether the Secretary had authority under section 1169 to involuntarily retire plaintiff and denies plaintiff's cross-motion for summary judgment on this issue.  In addition, the Court holds in abeyance the parties' cross-motions for summary judgment on the issue of whether plaintiff is entitled to a hearing before an Enlisted Personnel Board pursuant to section 357(j).

### 1.   The Court Reviews Plaintiff's Claims *De Novo*

As an initial matter, the Court reviews plaintiff's claims in this matter *de novo* because plaintiff asserts his claims for the first time in this litigation.  And so, the Court must treat the government's motion for judgment upon the administrative record in this matter as a motion for summary judgment pursuant to RCFC 56.  *See Lewis*, 114 Fed. Cl. at 684, n.1.

A plain reading of the complaint and the documents that the government has filed as the "administrative record" make clear that the Court is not reviewing a prior decision of the Coast Guard or a military corrections board in considering this matter.  Compl. at ¶¶ 56-68; *see generally* Def. 2nd App.  Rather, plaintiff brings his claims that the Coast Guard failed to comply with applicable federal statutes and regulations in reaching the decision to involuntarily retire plaintiff for the first time in this litigation.  Def. 2nd App. at 145, 148-50, 152-54.

This Court has recognized on numerous occasions that the Court reviews such claims *de novo* and that no administrative record is appropriate under these circumstances.  *See Lewis*, 114 Fed. Cl. at 684, n.1 ("no administrative record is appropriate" when reviewing a claim for back pay or separation pay under applicable law, not an agency decision; "[i]nstead the court must hear [plaintiff's] claims as a *de novo* matter."); *Holt v. United States*, 64 Fed. Cl. 215, 220 (2005) ("[T]he record before us is not in the strict sense an 'administrative record' which we review under the Administrative Procedures [*sic*] Act 'arbitrary and capricious' standard."); *see also Miller v. United States*, 120 Fed. Cl. 772, 780-81 (2015); *Helferty v. United States*, 113 Fed. Cl.

308, 322, n.12 (2013), *aff'd*, 586 F. App'x 586 (Fed. Cir. 2014).  And so, the Court reviews plaintiff's claims here *de novo* and treats the government's motion for judgment upon the administrative record as one for summary judgment.[5]  *Holt*, 64 Fed. Cl at 220 (holding the Court has before it "a pure Rule 56 motion," and not a motion for judgment upon the administrative record pursuant to RCFC 52.1); *see also Lewis*, 114 Fed. Cl. at 685.

### 2. Section 1169 Provides Legal Authority For The Secretary To Involuntarily Retire Plaintiff

The undisputed material facts in this matter show that the Secretary had the authority to involuntarily retire plaintiff under section 1169.  And so, the government is entitled to summary judgment in its favor on this issue as a matter of law.  RCFC 56.

In this regard, a plain reading of section 1169 shows that this statute authorizes the Secretary to involuntarily retire plaintiff pursuant to the recommendation of the 2013 CRSP. Specifically, title 10, United States Code, section 1169 provides, in pertinent part, that "[n]o regular enlisted member of an armed force may be discharged before his term of service expires," except as prescribed by the Secretary concerned.  10 U.S.C. § 1169(1).[6]  And so, this Court has long recognized that the Secretary for each branch of the armed forces has the authority under this provision to involuntarily retire a servicemember before his or her term of service expires.  *Id.*; *Canonica*, 41 Fed. Cl. at 524; *Brigante*, 35 Fed. Cl. at 529.

---

[5] The cases relied upon by the government to support its position that the Court should review this matter under the Administrative Procedure Act's standard of review are inapplicable to this case.  Unlike the circumstances here, the cases pertain to circumstances where a military corrections board has issued a decision prior to the commencement of litigation in this Court.  *See e.g.*, *Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009) ("[I]t has become well established that judicial review of decisions of military corrections boards is conducted under the APA."); *Metz*, 466 F.3d at 998 (finding application to a military corrections board is permissible; "[h]owever, we have also stated that when a service member does pursue such relief, the Court of Federal Claims reviews the Board's action under the same standard as any other agency action"); *Pearl v. United States*, 111 Fed. Cl. 301, 310-11 (2013) ("review[ing] the Army's decision with a deferential eye," but only after a decision from the Physical Disability Board of Review).

[6] Pursuant to 10 U.S.C. § 101(a)(4), the Coast Guard is an "armed force."  In addition, 10 U.S.C. § 101(a)(9)(D) provides that, for purposes of title 10, the term "Secretary concerned" means "the Secretary of Homeland Security, with respect to matters concerning the Coast Guard when it is not operating as a service in the Department of the Navy."  10 U.S.C. § 101(a)(9)(D).

The undisputed material facts in this matter also demonstrate that the Coast Guard complied with section 1169 in reaching the decision to involuntarily retire plaintiff at the recommendation of the 2013 CRSP.  In this regard, it is without dispute that the Secretary approved the 2013 CRSP in a memorandum dated December 5, 2012.  Compl. at Ex. 4; Def. 2nd App. at 13-14.  The memorandum states, in pertinent part, that:

> The legal authority to conduct a CRSP panel derives from *title 10, U.S. Code Section 1169* and title 14 U.S. Code Section 357(j).  Under Section 1169, regular enlisted members of an armed force may be discharged, before service term expiration, as the Secretary concerned may prescribe.

Compl. at Ex. 4; Def. 2nd App. at 13-14 (emphasis supplied).  And so, these undisputed material facts make clear that the Coast Guard acted within the legal authority provided by section 1169 to reach its decision to involuntarily retire plaintiff.  *Id*.

Plaintiff, nonetheless, argues in his motion for summary judgment that section 1169 does not apply to the factual circumstances of this case because he has been "released," rather than "discharged," from the Coast Guard.  Pl. Memo. at 23; Pl. Rep. at 14-15.  But, plaintiff's argument cannot be reconciled with any reasonable interpretation of the language contained in section 1169 or the facts of this case.

Courts have broadly interpreted the term "discharge" in section 1169 to include circumstances involving an involuntary retirement from active duty service, as well as many other types of involuntary separations from the military that fall short of a complete severance from military service.  *See Gay Veterans Ass'n, Inc.*, 668 F. Supp. at 14; *see also Brigante*, 35 Fed. Cl. at 530; *Vierrether*, 27 Fed. Cl. at 361.  In this case, plaintiff acknowledges that he has been involuntarily retired from active duty with the Coast Guard.  Compl. at ¶ 29.  And so, the Court is simply not persuaded by plaintiff's argument that his involuntary retirement status does not fall within the definition of the term "discharge" as contemplated by section 1169.

Because the undisputed material facts demonstrate that the Secretary has the legal authority to involuntarily retire plaintiff from active duty service with the Coast Guard, the Court

grants the government's motion for summary judgment and denies plaintiff's cross-motion for summary judgment on plaintiff's section 1169 claim.[7]

### D. The Record Before The Court Is Insufficient To Resolve Plaintiff's Claim That He Is Entitled To A Hearing Before An Enlisted Personnel Board

The current factual record before the Court is, however, insufficient to resolve plaintiff's remaining claim−that plaintiff is entitled to a hearing before an Enlisted Personnel Board. *See* Compl. at ¶ 64; Def. Mot. at 19-23. In this regard, plaintiff argues that the Coast Guard's decision to involuntarily retire him violates 14 U.S.C. § 357, because the Secretary did not order a reduction in force prior to convening the 2013 CRSP. Compl. at ¶ 64. The government counters that the Coast Guard had no obligation to provide plaintiff with a hearing before an Enlisted Personnel Board, because the Secretary did, in fact, order a reduction in force. Def. Mot. at 20; 14 U.S.C. § 357(j).

The parties agree that section 357 permits the Secretary to involuntarily retire plaintiff from active duty service without a hearing before an Enlisted Personnel Board if the Secretary ordered a reduction in force. Compl. at ¶ 54; Pl. Rep. at 28; Def. Mot at 18. But, a significant factual dispute exists in this litigation about whether the Secretary actually ordered such a reduction in force. *See* 14 U.S.C. § 357(j); Compl. at ¶ 58-66; Def. Mot. at 6, n.6. Given this, a more complete factual record is needed to inform the Court's analysis of the parties' cross-motions for summary judgment on this issue. And so, the Court must hold the resolution of the question of whether plaintiff is entitled to a hearing before an Enlisted Personnel Board under section 357 in abeyance pending additional briefing on this issue.

---

[7] Given the briefing and supplemental filings in this matter to date, both parties appear to have anticipated the Court's decision to convert the government's motion pursuant to RCFC 52.1 to one for summary judgment. *Cf. Easter v. United States*, 575 F.3d 1332, 1335-36 (Fed. Cir. 2009); *see also Lewis*, 114 Fed. Cl. at 684, n.1, 685 (noting that the Court provided notice to the parties that it would treat the government's motion to dismiss or, in the alternative, motion for judgment upon the administrative record as a motion for summary judgment); *see Williams v. United States*, 100 Fed. Cl. 263, 271 (2011). Nonetheless, the government has not been prejudiced by the Court's decision to grant summary judgment in its favor with respect to plaintiff's section 1169 claim. Because the Court holds that the Secretary has the authority to involuntarily retire plaintiff pursuant to 10 U.S.C. § 1169, the Court does not reach the question of whether the Secretary also has such authority under 14 U.S.C. § 357.

### E. The Parties' Remaining Procedural Motions

Lastly, the parties have filed several procedural motions in this litigation. First, the government has moved for leave to file a sur-reply to plaintiff's reply in support of his motion for summary judgment. *See* 2nd Mot. to Strike; Sur-Reply. Given the various procedural and substantive issues raised in the parties' filings, the Court finds that the resolution of this matter is aided by its consideration of the matters presented in the government's sur-reply. *See Little v. United States*, 124 Fed. Cl. 256, 263 (2015) (granting plaintiffs leave to file a sur-reply when they "put forth new and additional reasons on which they base their request for relief, which either were not clearly asserted previously or were entirely absent in their original complaint.") And so, the Court grants the government's motion to file a sur-reply to plaintiff's reply in support of his motion for summary judgment.

The government has also filed two motions to strike certain documents that plaintiff has filed in support of his motion for summary judgment, upon the ground that these documents are not a part of the administrative record for this matter. Mot. to Strike; 2nd Mot. to Strike. As discussed above, plaintiff asserts the claims in this matter for the first time in this litigation. Because there is no administrative record reflecting a prior agency or board decision on plaintiff's claims, plaintiff has appropriately styled his motion as one for summary judgment and relied upon the documents filed as an appendix to that motion. *Holt*, 64 Fed. Cl. at 220 ("[T]he record before us is not in the strict sense an 'administrative record' which we review under the Administrative Procedures [*sic*] Act 'arbitrary and capricious' standard. . . . Instead, we have before us a pure Rule 56 motion."); *see also Lewis*, 114 Fed. Cl. at 685; RCFC 56. And so, the Court denies the government's motions to strike.

In addition, plaintiff has moved to supplement the administrative record with the documents contained in the appendix to his motion for summary judgment. Pl. Rep. at 9-10. Because plaintiff has appropriately filed these documents as an appendix to his motion for summary judgment, the Court denies plaintiff's motion to supplement the administrative record as moot.

## V.   CONCLUSION

In sum, when viewed in the light most favorable to plaintiff, the complaint alleges justiciable and plausible claims challenging the lawfulness of the Coast Guard's decision to

involuntarily retire plaintiff from active duty service.  And so, the Court must deny the government's motion to dismiss plaintiff's claims for failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6).

In addition, because plaintiff brings his claims for the first time in this litigation, the Court reviews plaintiff's claims *de novo* and has before it cross-motions for summary judgment on the question of whether the Coast Guard complied with 10 U.S.C. § 1169 and 14 U.S.C. § 357 in reaching the decision to involuntarily retire plaintiff.  In this regard, the undisputed material facts show that the Secretary has the legal authority to involuntarily retire plaintiff under 10 U.S.C. § 1169.  And so, the government is entitled to summary judgment in its favor on this issue as a matter of law.

The factual record before the Court is, however, insufficient for the Court to resolve the parties' cross-motions for summary judgment on plaintiff's claim that he is entitled to a hearing before an Enlisted Personnel Board under section 357.  And so, the Court holds the parties' cross-motions for summary judgment on this remaining issue in abeyance pending supplemental briefing on this issue.

For the foregoing reasons, the Court:

1. **DENIES** the government's motion to dismiss;

2. **GRANTS** the government's motion for summary judgment on the issue of whether plaintiff's involuntary retirement was lawful under 10 U.S.C. § 1169 and **DENIES** plaintiff's cross-motion for summary judgment on that issue;

3. **GRANTS** the government's motion to file a sur-reply;

4. **DENIES** the government's motions to strike;

5. **DENIES** plaintiff's motion to supplement the administrative record as moot; and

6. **HOLDS** in **ABEYANCE** the parties' cross-motions for summary judgment on the question of whether plaintiff is entitled to a hearing before an Enlisted Personnel Board pursuant to 14 U.S.C. § 357.

The Court further **ORDERS** that the parties shall **FILE** supplemental briefs on the issue of whether the Secretary complied with 14 U.S.C. § 357, and, in particular, whether the Secretary ordered a reduction in force pursuant to section 357, in connection with the Coast

Guard's decision to involuntarily retire plaintiff.  The schedule for the supplemental briefing shall be as follows:

1. On or before July 15, 2016, the parties shall **FILE** their initial supplemental briefs;

2. On or before August 5, 2016, the parties shall **FILE** their responsive supplemental briefs; and

3. On or before August 12, 2016, the parties shall **FILE** any replies.

**IT IS SO ORDERED**.


                                                    s/Lydia Kay Griggsby
                                                    LYDIA KAY GRIGGSBY
                                                    Judge